Smith, Ch. J.
The original complaint in this action, as amended, shows that it was commenced to foreclose a mortgage upon real estate, executed by the defendant, Mary A. Pooley and others. She put in an answer, which still stands as a pleading in the action, by which she denied each and every allegation contained in the amended complaint, and also averred that each and every mortgage, claim and demand set forth therein had been fully paid, satisfied and discharged before this action was commenced. Afterwards the plaintiff obtained an order of this court permitting him to serve a supplemental complaint, by which he averred that the real estate upon which the mortgage in suit was executed had been sold upon the foreclosure of a prior mortgage thereon, that certain surplus monies, arising under the last mentioned foreclosure, had been applied upon the plaintiff’s mortgage debt, and that by means of certain other securities held by the plaintiff he had realized a further sum which had been also applied on his mortgage debt, by means whereof that debt had been reduced from the amount claimed in the amended complaint (which was $8,397.19, besides interest) to the sum of $1,906.38, and interest for which he demands judgment, who, as the amended complaint alleges, are personally hable to pay the same. The amended complaint prayed for judgment against the same defendants for so much of the mortgage debt as should not be satisfied by a sale of the mortgaged premises on the judgment of foreclosure sought in the action.
This defendant demurs to the supplemental complaint upon two grounds, first, that there is a defect of parties defendant, in that she is not a necessary or proper party to the cause of action stated in that complaint, and second, that the supplemental complaint does not state facts sufficient to constitute a cause of action against her.
The defendant who interposes this demurrer seems to have wholly misapprehended the office and province of a supplemental complaint. The Code (section 544) provides that the court may permit a party:
*727 “ To make a supplemental complaint, answer, or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made, including the judgment or decree of a competent court, rendered after the commencement of the action, determining the matters in controversy, or a part thereof.”
Obviously it is not necessary, nor was it ever intended, that the supplemental complaint should set up all the facts constituting the plaintiff’s cause of action, or showing that those originally made defendants were proper parties to the action.
Its province is only to set out such material facts as have occurred since the former complaint, which may have changed the position and rights of the parties, and thus varied the relief to which the plaintiff is entitled. This is sometimes the result of a judgment or decree in another action determining the matters in controversy between the parties or some part thereof. Such is the case here.
The foreclosure of the prior mortgage upon the same premises as were covered by the plaintiff’s mortgage, and the sale of those premises for a sum which created a surplus, which the plaintiff was entitled to have applied on his mortgage debt, and which had been so applied, made a very material change in the rights of the parties to the action, and when properly brought before the court show that the plaintiff no longer requires, or should be allowed to have, a foreclosure of his mortgage; and that the relief to which he is now entitled, and the only relief he can have in the action, is a personal judgment against the defendants hable to pay the debt secured by his mortgage for as much of that debt as now remains unpaid. To show how the plaintiff’s rights have changed since he commenced his action, and to what relief he is now entitled is the only purpose of his supplemental complaint. It is not necessary that he should repeat the allegations contained in his amended complaint. That is still before the court, a part of the record, and when read with the supplement thereto shows the present state of the plaintiff’s demand and the relief which he now asks for.
These considerations show that the demurrer cannot be sustained, because it was not necessary that the supplemental complaint should show all the facts constituting the plaintiff’s cause of action, or that the defendant who demurs was properly made a party to the action, but only those facts arising since the former complaint, which have changed the rights of the parties and made other relief proper than that demanded in that complaint. See Abbott’s Annual Digest for 1884, p. 262, note of decision in Frericks v. Coster.
The defendant’s counsel thinks his client has no resource but to demur, and that if she does not judgment will be *728 taken against her. But this is not so. If the allegations of the supplemental complaint are true she must admit them, and that cannot deprive her of any right. If they are false she can deny them, and the plaintiff can gam nothing, nor can she lose anything, by his false allegations. When she comes to trial she may stand on her original answer, and if then the plaintiff proves no cause of action against her, she will have judgment dismissing Ms complaints, both the former and the supplemental one, as to her, and with or without costs, as equity shall require. Clearly the plaintiff can have no judgment against her unless upon the facts appearing upon his forme! complaint and the supplemental one, taken together and proved on the trial, he shows an existing cause of action against her, and that he is entitled to relief "against her also.
There must be judgment for the plaintiff upon the demurrer, with leave to defendant to answer in twenty days, on payment of costs.
Beckwith and Titus, JJ., concur.